[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13674

Non-Argument Calendar

_____

JAMES BUCKMAN,
MAURICE SYMONETTE,

Plaintiffs-Appellants,

*versus*

LANCASTER MORTGAGE CO.,
DEUTSCHE BANK NATIONAL TRUST CO.,
as Trustee under the pooling and servicing
agreement series rast 2006-A8,
SECURITY AND EXCHANGE COMMISSION,
U.S. TREASURY,

2                     Opinion of the Court                     20-13674

Defendants-Appellees,

ONE WEST BANK, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cv-24184-MGC

_____

Before JILL PRYOR, BRANCH, and LUCK, Circuit Judges.

PER CURIAM:

James Buckman and Maurice Symonette ("Buckman and Symonette") appeal from the district court's dismissal with prejudice of their second amended complaint as an impermissible shotgun pleading. They argue that the district court erred and demonstrated bias by dismissing their case because they had filed a motion for an additional three-day extension of time and the district court provided a window for responses to the motion by the defendants,

but then dismissed the case before the responses were due.[1]  After review, we affirm.

## I.    Background

In October 2019, Buckman and Symonette filed a *pro se* 45-page complaint against eight defendants including numerous banks, a mortgage company, the Security and Exchange Commission, the U.S. Treasury, and other entities, raising numerous claims including: (1) quiet title; (2) slander of title; (3) unjust enrichment; (4) violations of the Real Estate Settlement Procedures Act; (5) fraud and concealment; (6) violation of timely assignment and lack of consideration; and (7) various violations of several Florida statutes.  Thereafter, in December 2019, Buckman and Symonette filed

---

[1] Over four months after filing their notice of appeal from the dismissal of their complaint, Buckman and Symonette filed two motions for recusal of the district court judge, arguing that she had a conflict of interest based on her financial statements, which revealed interests in companies doing business with one of the defendants.  The district court denied the motions.  Buckman and Symonette did not file an amended or new notice of appeal following entry of that order.  Therefore, we lack jurisdiction to review the district court's denial of the motion for recusal.  *See McDougald v. Jenson*, 786 F.2d 1465, 1474 (11th Cir. 1986) (holding that, although we liberally construe notices of appeal under Federal Rule of Appellate Procedure 3 to include orders not expressly designated, that allowance does not extend to an order that was not entered when the notice of appeal was filed); *see also LaChance v. Duffy's Draft House, Inc.*, 146 F.3d 832, 837–38 (11th Cir. 1998) (holding that we lacked jurisdiction over a post-judgment order awarding attorney's fees where the motion for attorney's fees was not filed until after the notice of appeal and the plaintiff failed to file an amended notice of appeal from the order awarding fees).

a 51-page amended complaint asserting a total of 11 causes of action.

On July 24, 2020, the district court, *sua sponte*, struck the amended complaint as an impermissible shotgun pleading. The district court set forth the pleading rules in its order, and provided that the plaintiffs had until July 31, 2020 to file a second amended complaint. The district court emphasized that, in the second amended complaint,

> Plaintiffs are required to make a "short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). Plaintiffs must also state each theory of liability separately "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The newly amended complaint should clearly delineate which factual allegations and cited laws are relevant to the asserted cause of action. This includes specifying which Defendant is liable under each cause of action and which Defendant is implicated in each factual allegation. Failure to comply with this Order may result in the dismissal of this case with prejudice or other appropriate sanctions.

On July 31, 2020, the plaintiffs filed a motion for an extension of time to file their second amended complaint. The district court granted the motion and ordered that the second amended complaint be filed on or before August 6, 2020.

On August 6, 2020, the plaintiffs filed a motion seeking three more days to file their second amended complaint. On the same date, after filing their extension motion, they filed their second amended complaint. The 92-page second amended complaint added 4 new causes of action and suffered from many of the same issues as the first amended complaint.

On August 17, 2020, the district court dismissed with prejudice the second amended complaint explaining that the second amended complaint "does not cure the defects that required striking of the initial Complaint." This appeal followed.[2]

## II.    Discussion

Buckman and Symonette argue that the district court erred and demonstrated bias when it dismissed their case with prejudice while their motion for extension of time was pending. Specifically,

---

[2] Following the dismissal of their complaint, Buckman and Symonette filed a motion for reconsideration in the district court, which was denied. However, they do not raise any arguments related to the denial of their motion for reconsideration in their brief. Accordingly, the district court's resolution of the motion for reconsideration is not before us.

they argue that the district court docketed their motion for a three-day extension of time to file the second amended complaint and set "[r]esponses due by 8/20/2020," but then dismissed the case before that date.   They also raise arguments related to the merits of their underlying claims.

The district court did not err in dismissing the case.  On the day the second amended complaint was due, Buckman and Symonette filed the request for a three-day extension of time, but they then filed a second amended complaint the same day.  The filing of the second amended complaint on the day it was due mooted the motion for an extension of time and the related response period.  Once the second amended complaint was filed, there was nothing left for the district court to do except review the complaint to determine whether the plaintiffs corrected the previously identified pleading issues.

To the extent that Buckman and Symonette's brief could be liberally construed as challenging the district court's dismissal of the second-amended complaint as an impermissible shotgun pleading, we review the district court's decision for abuse of discretion. *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021); *see also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

20-13674                Opinion of the Court                    7

"A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov*, 986 F.3d at 1324. Rule 8 requires that the complaint set forth "a short and plain statement of the claim" demonstrating an entitlement to relief, and Rule 10 requires that a plaintiff "state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 8(a)(2) and 10(b). Rule 10 further provides that each claim be stated in separate counts "[i]f doing so would promote clarity." *Id.* R. 10(b). We have repeatedly condemned the use of shotgun pleadings. *See Barmapov*, 986 F.3d at 1324; *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001).

When a plaintiff files a shotgun pleading, a district court must give him one chance to replead before dismissing his case with prejudice on shotgun pleading grounds. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295–96 (11th Cir. 2018). The district court should explain how the pleading violated the shotgun rule so that the plaintiff can remedy his next pleading. *Id.* Where, as here, the plaintiff is provided fair notice of the specific defects in his complaint and a meaningful chance to fix it but fails to correct the defects, the district court does not abuse its discretion by dismissing with prejudice on shotgun pleading grounds. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358–59 (11th Cir. 2018). Accordingly, the district court did not abuse its discretion in dismissing the second amended complaint with prejudice because Buckman and Symonette failed to correct the pleading defects. *Id.*

8                    Opinion of the Court                    20-13674

Consequently, we affirm.

**AFFIRMED.**